**WEBER MEMORIAL CARE CENTER, INC., and Chartham Management, Inc., Plaintiffs and Appellants,**

v.

**UTAH DEPARTMENT OF HEALTH, DIVISION OF HEALTH CARE FINANCING, Defendant and Respondent.**

No. 860342–CA.

Court of Appeals of Utah.

March 15, 1988.

William Downes, Jr., Salt Lake City, and Donald W. Lojek, Boise, Idaho, for plaintiffs and appellants.

David L. Wilkinson, Atty. Gen., Stuart W. Hinckley, Asst. Atty. Gen., Chief, Human Resources Div., Clark C. Graves, Ruth Lybbert Renlund, Asst. Attys. Gen., Salt Lake City, for defendant and respondent.

Before BENCH, GARFF and DAVIDSON, JJ.

## OPINION

BENCH, Judge:

Plaintiffs appeal from the final judgment of a trial court affirming the final determination of the executive director of the Utah Department of Health (Department). We affirm.

Title XIX of the Social Security Act, 42 U.S.C. § 1396 et seq. (1983), commonly referred to as the Medicaid Act, establishes a cooperative relationship in which the federal and state governments share the costs of medical services to the needy. If a state elects to participate, it must establish a state plan which complies with statutory and regulatory requirements under the Medicaid Act. Prior to 1980, states participating in the Medicaid program were required to reimburse health care providers for their "reasonable costs." Typically, a provider would submit an accounting of its costs to the Department. The Department would then review these costs on a case by case, charge by charge basis and reimburse those costs deemed reasonable. In 1980, Congress amended the Medicaid Act to allow a flat rate system of reimbursement. Subsection 1396a(a)(13)(A), commonly re-

ferred to as the Boren Amendment, now provides:

A State plan for medical assistance must provide for payment ... of the hospital, skilled nursing facility, and intermediate care facility services provided under the plan through the use of rates (determined in accordance with methods and standards developed by the State ...) which the State finds, and makes assurances satisfactory to the Secretary, are reasonable and adequate to meet the costs which must be incurred by efficiently and economically operated facilities in order to provide care and services in conformity with applicable State and Federal laws, regulations, and quality and safety standards....

Defendant Department is the state agency responsible for administering the Medicaid program in Utah. In 1981, in response to the Boren Amendment and the urging of the Utah Health Care Association, the state legislature directed the Department to organize a committee to develop and propose a flat rate plan for reimbursement under the Medicaid program. Under the plan proposed by the committee, patients who qualify for Medicaid assistance are classified according to the degree of care needed. The health care provider is then paid a statewide flat rate fee per patient per day according to the classification of such patient. The flat rate is modified by a "property differential," unique to each provider, to account for wide variations in property costs. The flat rate is also adjusted annually to account for inflation and other factors.

The proposed plan was submitted through the statutory rulemaking process. A public hearing was held, and no objection was voiced from the health care industry. The plan was then submitted to the United States Department of Health and Human Services which certified that the plan satisfied all requirements of the law and that all assurances submitted under the require-

ments of the Medicaid Act were acceptable. The modified flat rate plan became effective July 1, 1981.

Plaintiff Weber Memorial Care Center, Inc. (Weber Memorial) is a long-term health care provider. In September 1981, Weber Memorial acquired the subject facility from Weber County. Plaintiff Chartham Management, Inc. manages the facility pursuant to a contract with Weber Memorial. In 1983, Weber Memorial requested a hearing before the Department to challenge the application of the modified flat rate plan and the classification of patients. Prior to the hearing, the Department filed a motion asking the hearing officer to rule, as a matter of law, that the state plan did not violate federal law and that the plan did not require an examination of Weber Memorial's costs nor a determination whether this particular facility is efficiently and economically operated. The hearing officer granted the Department's motion. Consequently, at the administrative hearing which commenced August 3, 1984, Weber Memorial was not permitted to introduce evidence of its costs nor attempt to prove it is efficiently and economically operated.

In his proposed findings, conclusions, and decision, the hearing officer concluded the modified flat rate plan complied with all provisions of federal and state law, and the Department did not act arbitrarily, capriciously, or contrary to law in the development, implementation, and operation of the plan. The executive director of the Department adopted the hearing officer's findings in her final determination dated June 4, 1985. Weber Memorial filed a petition for review in the Third District Court.[1] In a memorandum decision and final judgment, the trial court affirmed, finding "the Executive Director's final determination was supported by a residuum of legally admissible evidence in the record and was not arbitrary or capricious." Weber Memorial

1. Under the new Administrative Procedures Act, Utah Code Ann. §§ 63–46b–1 through –21 (1987) (effective January 1, 1988), the district courts have jurisdiction to review by trial de novo all final agency action resulting from informal ad-judicative proceedings, while the Supreme Court or Court of Appeals, as designated by statute, has jurisdiction to review all final agency action resulting from formal adjudicative proceedings.

appeals from the trial court's final judgment.

■ When a trial court reviews an administrative decision and the court's judgment is challenged on appeal, this Court reviews the administrative decision as if the appeal had come directly from the agency. *Technomedical Labs, Inc. v. Utah Securities Division*, 744 P.2d 320 (Utah App.1987). Therefore, it is not necessary to address Weber Memorial's contention that the trial court applied the wrong standard of review. When reviewing an administrative agency's interpretation of general questions of law, including acts of Congress, "this Court applies a correction-of-error standard, with no deference to the expertise of the [agency]." *Utah Dep't. of Admin. Servs. v. Public Serv. Comm'n*, 658 P.2d 601, 608 (Utah 1983).

On appeal, Weber Memorial first argues that contrary to the executive director's final determination, the modified flat rate plan does not comply with federal law and regulations. Section 1396a(a)(13)(A) requires the state to find that the rates, which are to be determined by methods and standards developed by the state, reasonably and adequately meet the costs of efficiently and economically operated facilities. The state must also make satisfactory assurances to the federal Department of Health and Human Services. Weber Memorial contends the Department failed to make the necessary findings and assurances that the rates satisfy the statutory requirements. *See* 42 C.F.R. § 447.253 (1985); *Mary Washington Hospital, Inc. v. Fisher*, 635 F.Supp. 891 (E.D.Va.1985) (federal law does not require written findings). The committee organized by the Department consisted of a representative from the legislature, a legislative analyst, the president and executive director of the Utah Health Care Association, and a nursing home operator. Prior to selecting the modified flat rate plan, the committee considered several alternative methods of reimbursement. The committee based its

rate determinations on 1) the most recent information on the actual costs being incurred by the nursing home industry in the aggregate, as reported by each facility on its 1980 "facility cost profile"; 2) a comparison with the rates paid by other states in the region; 3) input from the Utah Health Care Association; 4) a trending factor on the historical costs as recommended by a consulting firm retained by the state; 5) a comparison with 1976 rates, as adjusted for inflation; 6) the legislative budget allocation;[2] and 7) discussions and interactions between committee members. Pursuant to statute, the Department submitted to the Secretary of the federal Department of Health and Human Services its assurances that the rate reasonably and adequately meets the costs of efficiently and economically operated facilities. The Secretary certified the assurances as satisfactory.

■ A reasonable basis existed for the Department to find the proposed rates were reasonable and adequate to meet the costs of an efficiently and economically operated facility. Ninety-three percent of all long-term health care facilities in Utah were shown to be meeting their costs under the modified flat rate plan, with a majority showing a profit. We conclude the Department developed reasonable methods and standards to determine the rates. The modified flat rate plan therefore complies with federal law.

■ Weber Memorial next argues that, even if the modified flat rate plan is valid, the hearing officer erred in refusing to allow Weber Memorial to submit evidence of its costs and proof of its efficient and economic operation. Prior to the hearing, the Department filed a motion to exclude as irrelevant all evidence of Weber Memorial's costs and operation. The hearing officer granted the motion. Weber Memorial claims the hearing officer's ruling was contrary to law and a denial of its right to a fair hearing.

---

**2.** Weber Memorial claims the rates were based to an impermissible extent on the budget factor.

The budget allocation was clearly only one of several factors considered by the committee.

Utah Code Ann. § 26–23–2(1) (1987) states:

> In any such hearing, the hearing officer shall have authority to administer oaths, examine witnesses, and issue in the name of the department notice of the hearings or subpoenas requiring the testimony of witnesses and the production of evidence relevant to any matter in the hearing.

Utah Admin. Code R455–14–1(A)(9)(i)(5) (1987) also provides:

> The rules of evidence as applied in civil actions in the courts of this State shall be generally followed in the hearings. Any relevant evidence may be admitted if it is the type of evidence commonly relied upon by prudent men in the conduct of their affairs.... Irrelevant, immaterial and unduly repetitious evidence shall be excluded.

In his proposed findings, the hearing officer explained his ruling:

> The State Plan does not contain a specific definition of what it means to be "efficiently and economically operated." Rather, the State has set rates for payment for services that the State deems are reasonable and adequate and maintains that an "efficiently and economically operated facility" is one that is able to operate at or below that standard. Such approach is proper under current law.
>
> In explanations accompanying regulations of the Department of Health and Human Services, the Department states:
>
>> We have also decided not to mandate that the State plan specifically provide a definition of an "efficiently and economically operated facility." The reason for this is that the State's methods and standards implicitly act as the State's definition of an efficiently and economically operated facility, and no explicit definition is necessary.
>
> Because the "Modified Flat Rate" is applied uniformly statewide, and is the standard by which all nursing homes are measured, it was not necessary to examine the specific costs of Weber Memorial Care Center, Inc. to determine if it could

be more efficiently and economically operated and that was not done.

Utah Code Ann. § 26–23–2(3) (1987) states, "If the final determination of the executive director is consistent with the findings of fact and conclusions of law recommended by the hearing officer, the court shall review the record and may alter the final determination only upon a finding that the final determination is capricious, or not supported by the evidence." The executive director, in sustaining the hearing officer, found that since the modified flat rate implicitly defines an efficiently and economically operated facility, evidence of Weber Memorial's costs and operation was irrelevant and, therefore, inadmissible. We conclude the executive director's final determination on this issue was not capricious, but supported by the evidence.

■ Weber Memorial last argues the classification of patients under the modified flat rate plan is capricious. Under the plan, a health care provider routinely submits recommendations for patient classifications to the Department. Department officials consider these recommendations and other information supplied by the providers in making final classifications. Weber Memorial contends the Department arbitrarily classified thirty-eight of its patients as "intermediate" rather than "skilled care." Skilled care patients, by definition, require more specialized care and receive a higher rate of reimbursement.

■ Requests for reconsideration of patient classifications are routinely granted by the Department, but Weber Memorial presented no evidence that such requests were made for the thirty-eight patients. Weber Memorial also failed to present any evidence that the thirty-eight patients qualified as skilled care patients. The only evidence Weber Memorial presented in support of its claim is that the national percentage of skilled care patients is higher than Utah's. Such evidence is insufficient to convince this Court that the state classification system is capricious. Section 26–23–2(3).

In conclusion, the modified flat rate plan for Medicaid reimbursement is in full compliance with federal and state law. The final determination of the executive director was not capricious, but amply supported by the evidence. The final judgment of the trial court is therefore affirmed. No costs awarded.

GARFF and DAVIDSON, JJ., concur.